IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:05-CR-00026-F-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BREON MONTEZ SANDERS, | ) | |
| Defendant. | ) | |

Breon Montez Sanders has filed a Motion for Transcripts [DE-110] seeking a free copy of his docket sheet and sentencing hearing transcript.

On August 17, 2005, Sanders was sentenced before this court after having pled guilty to Count One of the Indictment. He was sentenced to 295 months' imprisonment, to be followed by five years of supervised release. *See* Judgment [DE-39].

Title 28, United States Code, Section 753(f) addresses the circumstances under which transcripts may be provided to an indigent defendant at the government's expense. The statute provides:

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. § 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under § 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

28 U.S.C. § 753(f). An indigent defendant may be entitled to transcripts at the government's expense if he has stated a proper ground for relief and the transcripts are indispensable. *United States v. Glass*, 317 F.2d 200, 202-203 (4th Cir. 1963). An indigent defendant is not entitled to

transcripts at the government's expense "merely to comb the record in the hope of discovering some flaw." *Id.* at 202. Because there is no constitutional requirement that an indigent defendant be supplied free transcripts in order to collaterally attack a conviction or sentence, the defendant must show a particularized need for the documents. *See, e.g., United States v. MacCollom*, 426 U.S. 317, 323-28 (1976).

In this case, Sanders has requested a copy of this court's docket sheet in his criminal case, and this request shall be ALLOWED. The Clerk of Court is DIRECTED to mail Sanders a copy of this court's docket sheet. With respect to his request for transcripts from his sentencing hearing, Sanders does not state why he needs this document. For this reason, the undersigned concludes that Sanders has failed to state a particularized need for the transcript. Accordingly, Sanders' request for the transcript from his sentencing hearing hereby is DENIED.

For the reasons set forth, Sanders' Motion for Transcripts [DE-110] is ALLOWED in part and DENIED in part.

SO ORDERED.

This, the 17th day of April, 2013.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

2

Case 5:05-cr-00026-BO   Document 111   Filed 04/18/13   Page 2 of 2