UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:05-CR-26-F2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| BREON MONTEZ SANDERS, | ) | |
| Defendant. | ) | |

This matter is before the court on the Defendant's ("Sanders") pro se motion to hold in abeyance his § 3582(c) motion [DE-126] and the Government's motion to place in abeyance consideration of Sanders's § 2255 motion [DE-127]. Sanders's pro se motion to hold in abeyance his § 3582(c) motion is DENIED and the Government's motion to place the § 2255 motion in abeyance is ALLOWED.

On May 13, 2013, Sanders filed a motion to vacate his sentence under 28 U.S.C. § 2255. That motion is based in part on Sanders's argument that he was improperly sentenced as a career offender under the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). Before the court had an opportunity to rule on that motion, the Fourth Circuit decided *United States v. Whiteside*, —F.3d—, 2014 WL 1364019 (4th Cir. 2014). In *Whiteside*, the Fourth Circuit held that a district court may, in some circumstances, equitably toll the typical one-year statute of limitations for § 2255 motions when a defendant asserts a *Simmons* challenge to the career offender enhancement. *Id.* at *11. The decision has significant ramifications for defendants who, like Sanders, were potentially improperly classified as career offenders at their original sentencings and who seek to bring otherwise time-barred *Simmons* challenges to their

career offender designations. The Government requests that the court hold Sanders's § 2255 motion in abeyance while it petitions for rehearing en banc in the *Whiteside* case. The Federal Public Defender's Office for this district consents and the motion [DE-127] is accordingly ALLOWED. Consideration of Sanders's § 2255 motion is hereby STAYED pending issuance of the mandate in the *Whiteside* case. Counsel for the Government is DIRECTED to notify the court when either the mandate issues or the Fourth Circuit grants rehearing en banc.

On May 14, 2014, the court denied Sanders's § 3582(c) motion based on his designation as a career offender. The following day, the court received Sanders's letter requesting that the court stay consideration of the § 3582(c) motion pending resolution of his § 2255 motion. Upon further reflection, it may have been appropriate to stay consideration of the § 3582(c) motion pending resolution of the § 2255 petition. If habeas relief is allowed, Sanders will no longer qualify as a career offender and, without the career offender designation, he may be eligible for § 3582(c) relief.

However, the court cannot stay consideration of a motion that has already been decided. Nor can the court reconsider a prior order denying § 3582(c) relief. *See United States v. Mann*, 435 F. App'x 254, 255 (4th Cir. 2011); *United States v. Goodwyn*, 596 F.3d 233, 236 (4th Cir. 2010). This is so even in the circumstance where the district court commits a clear error in denying § 3582(c) relief. *See Mann*, 435 F. App'x at 255 (explaining that district court may not reconsider a § 3582(c) order even where the district court surmises that it committed an error in denying relief). The only relief available to Sanders in these circumstances is a direct appeal. *See Goodwyn*, 596 F.3d at 236 ("[T]he prisoner has [one] opportunity pursuant to § 3582(c)(2) to persuade the district court to modify his sentence. If the result does not satisfy him, he may

2

timely appeal it. But he may not . . . ask the district court to reconsider its decision.").

Accordingly, Sanders's pro se motion to stay consideration of the § 3582(c) motion [DE-126] is DENIED.


SO ORDERED.

This the 20 day of May, 2014.

                                                 *James C. Fox*
                                              JAMES C. FOX
                                              Senior United States District Judge